A. B. DICK CO. v. HENRY. (Circuit Court, S. D. New York. November 16, 1900.) On Motion to Punish for Contempt for Disobedience of Injunction. For former opinions, see 75 Fed. 388, and 88 Fed. 80. S. O. Edmonds, for the motion. Sidney Henry, opposed.

LACOMBE, Circuit Judge. The defendant concedes that he has made the sales of infringing paper. He is a persistent infringer, who has heretofore been treated with great leniency. In June, 1897, he was found guilty of disobeying the injunction; but upon his claim that he "acted innocently, without an intention of disobeying the court," sentence was suspended. In July, 1898, he was again found guilty of the same offense; his only preferred excuse being that his circumstances were such that he found it difficult to make a living. The court inflicted a merely nominal penalty (2 days' imprisonment) and discharged him, with the admonition that he must not expect to make a living by appropriating other persons' property. He is at the bar again, convicted of a fresh act of willful disobedience, and his punishment must be sufficiently severe to insure from him for the future a greater measure of respect for the decrees of the court. He is committed for 60 days.

BLACKLEDGE v. WIER & CRAIG MFG. CO. (Circuit Court, N. D. Illinois, N. D. July 14, 1900.) No. 25,375. Poole & Brown and N. H. Lockwood, for plaintiff. Bond, Adams, Pickard & Jackson, for defendant.

KOHLSAAT, District Judge. This is a suit in assumpsit, brought by the guardian of a lunatic, who is the half owner of a patent, against the defendant, the owner of the other half of said patent, to recover one-half the profits derived by defendant from the use in its own business of the patent in question, and also one-half the profits derived by defendant from licenses granted by it to third persons to use said patent. There has been no authoritative decision in this country touching the right of one co-owner of a patent to participate in the profits made therefrom by another co-owner of such patent, in the absence of special agreement or other special circumstances. The decisions of the lower federal courts on the subject contain only dicta, and the matter has not been squarely before any of the courts of appeals or the supreme court. The English courts have held that no such right exists, and that joint ownership of a patent is in the nature of a tenancy in common, and is to be governed by rules analogous to those governing the rights of tenants in common of other property. The reasoning of plaintiff's attorney is plausible, but the authorities presented are such that I deem it best for all parties that the matter be passed upon by an upper court before the expense of a trial on the merits is incurred. In order, therefore, that the question may be taken up with as little delay and expense as possible, the demurrer will be sustained, and judgment entered thereon. The question is an important one, and should be settled permanently.

BOWERS et al. v. ATLANTIC, G. & P. CO. (Circuit Court, S. D. New York. October 6, 1900.) In Equity. Suit for infringement of patents. On motion for preliminary injunction. See 104 Fed. 887. John H. Miller, for the motion. Edwin H. Brown, opposed.

LACOMBE, Circuit Judge. The great mass of testimony, largely that of handwriting experts, bearing upon the honesty of the sketches and models, must be sifted by cross-examination before any reliance can be placed upon its assertions. The various questions presented should, therefore, be relegated to final hearing; and, following the numerous decisions upon the patent sued on, preliminary injunction may issue.